JOHN H. FORTNER v. MEDFORD DEITZ

(Filed 19 March, 1958)

APPEAL by plaintiff from *Huskins, J.*, at October-November 1957 term of SWAIN.

Civil action to recover for personal injury sustained by plaintiff as

result of alleged negligence of defendant.

Plaintiff testified in substance that he entered into an oral contract with defendant by which defendant was to level off and build service station site for plaintiff and his brother,—defendant to furnish bulldozer for which plaintiff was to pay defendant $2.00 a truck load of dirt. One McMahan was sent by defendant to do the work. On 7 May, 1956, McMahan had ridden the bulldozer about an hour with plaintiff and showed him how to operate it. And next morning plaintiff was out on the job before anyone else. Later McMahan came and told plaintiff to get up on the bulldozer, and he did so. He couldn't start it. One Cagle, a worker there, started it for him and, though he had no experience in doing so, plaintiff began to operate it back and forth leveling dirt, and that bank gave way and the dozer started over; but the brakes would not stop it. Plaintiff also testified that he knew that the bulldozer is a dangerous instrument in the hands of somebody who doesn't know how to operate it; that he was inexperienced in operating it; that he did not know how to operate it; that even so, he got up on it and tried to operate it; and that he doesn't remember just what did happen.

From judgment as of nonsuit entered at close of his evidence, plaintiff appeals to Supreme Court and assigns error.

*T. M. Jenkins, R. B. Morphew for Plaintiff Appellant.*
*Williams and Williams for Defendant Appellee*

*Per Curiam.* The only assignment of error presented for decision on this appeal is based upon exception to entry of judgment as of nonsuit.

Taking the evidence offered upon trial below, as shown in the record of case on appeal, in the light most favorable to plaintiff, as is done in testing its sufficiency to withstand motion for judgment as of nonsuit, there is lack of evidence from which actionable negligence is shown, or may be inferred. Indeed it is speculative as to what caused the accident.

But if it should be conceded that there is evidence of negligence on the part of defendant, the evidence clearly establishes, as a matter of law, contributory negligence of plaintiff. No new principle of law is involved. Hence the judgment as of nonsuit is

Affirmed.